IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00490-GCM

| | |
|---|---|
| SANDRA C. KENAN, | ) |
| Plaintiffs, | ) |
| v. | ) **ORDER** |
| ROBERT HALF INTERNATIONAL INC. ARMADA HOFFLER CONSTRUCTION COMPANY, | ) |
| Defendants. | ) |

**THIS MATTER COMES** before this Court on Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 15) and Defendant Armada Hoffler Construction Company's Motion to Dismiss (Doc. No. 11). The Court has read the briefs, and this matter is now ripe for disposition.

Plaintiff moved to file an Amended Complaint under Federal Rule of Civil Procedure 15. Rule 15(a)(2) states: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). Under Fourth Circuit law, a court should only deny a proposed amendment when it is prejudicial to another party, due to bad faith of the moving party, or if the amendment is futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (citations and internal quotation marks omitted).

Here, Plaintiff moves to amend her Complaint to include the formal and assumed business names of one Defendant while also more fully describing the facts that allegedly give rise to joint

1

employer liability for race and sex discrimination. Defendants each oppose this amendment on the basis that the amendment would be futile.

The Court disagrees with Defendants and will allow the amendment. The Court finds that judicial economy and the interests of justice favor allowing the amendment. In the Fourth Circuit, futility analysis is similar to the analysis performed under a Rule 12(b)(6) motion in that futility asks if the amendment fails to state a claim. *See Katyle v. Penn Nat'l. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) ("Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards.") (citations omitted). Judicial economy and the interests of justice require the Court, in this instance, to allow all alleged facts to be included in one complaint: the Amended Complaint. Once all alleged facts and claims are properly before the Court, the Court will consider any arguments made by Defendants in a timely filed motion under Rule 12. This approach prevents duplicative analysis and places this case on a trajectory to allow for the efficient administration of the matter. Thus, the Court **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. No. 15).

Defendant Armada Hoffler Construction Company filed a Motion to Dismiss (Doc. No. 11) in this matter. That Motion dealt with the claims as raised in the original Complaint. Because the Court granted Plaintiff's Motion for Leave to Amend, Defendant's Motion is now moot as written. Therefore, the Court **DENIES** Defendant's Motion as moot. Defendants are free to refile a motion to dismiss relating to the Amended Complaint if Defendants so choose.

**SO ORDERED**.

Signed: June 3, 2019

Graham C. Mullen
United States District Judge